**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 22 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS A. GONDA, Jr., M.D., | No.    15-16484 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-01363-SC |
| v. | |
| PERMANENTE MEDICAL GROUP, INC., in its capacity as Plan Administrator; PERMANENTE MEDICAL GROUP, INC. LONG TERM DISABILITY PLAN FOR PHYSICIANS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Samuel Conti, District Judge, Presiding

Argued and Submitted May 16, 2017
San Francisco, California

Before:  W. FLETCHER and TALLMAN, Circuit Judges, and HUCK,[**] District
Judge.

Thomas A. Gonda, Jr., M.D., appeals the district court's order granting

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul C. Huck, United States District Judge for the
Southern District of Florida, sitting by designation.

summary judgment to Defendants-Appellees The Permanente Medical Group, Inc. ("TPMG") and The Permanente Medical Group, Inc. Long Term Disability Plan for Physicians ("TPMG Plan"). Gonda brought this action in March 2011 after his long-term disability ("LTD") benefits were terminated, alleging claims under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and seeking LTD benefits from the TPMG Plan.

Before Gonda brought this ERISA action, however, he filed wrongful termination lawsuits against Kaiser Foundation Hospitals ("Kaiser") and TPMG in December 2010, both of which were consolidated in arbitration. Gonda, Kaiser, and TPMG then settled those arbitrations in November 2011 and, under the settlement agreement, Gonda signed a broad release of claims and expressly waived his right to bring any and all claims and causes of action arising under ERISA against TPMG and its related persons and entities. Based on this waiver, the district court found that Gonda's current action against TPMG and the TPMG Plan was barred. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court correctly concluded that the settlement agreement clearly and expressly waived any and all ERISA claims against TPMG and related parties. The court also correctly held that the joint stipulations to stay the case in the district court did not supersede or alter the settlement agreement. Gonda, TPMG,

2

and the TPMG Plan agreed early on in the district court that Gonda would be allowed to pursue his internal administrative appeals with the Life Insurance Company of North America ("LINA"), which provided LTD insurance coverage for the TPMG Plan and was responsible for administering the claims review process. The subsequent joint stipulations requesting the district court to stay Gonda's ERISA action pending the outcome of those administrative appeals were simply continuations of that earlier agreement. They did not render the November 2011 settlement agreement ambiguous or alter the contract to preclude Defendants-Appellees from enforcing their rights. *U.S. Cellular Inv. Co. v. GTE Mobilnet, Inc.*, 281 F.3d 929, 937–39 (9th Cir. 2002).

Once the district court lifted the stay, TPMG and the TPMG Plan permissibly raised the settlement agreement as an affirmative defense in their First Amended Answer to the Complaint, and also properly asserted the release and waiver of any ERISA claims in their Motion for Summary Judgment. Despite their willingness to allow Gonda to complete the administrative process, which could have granted him benefits, there is no indication that TPMG or the TPMG Plan surrendered their rights to enforce the settlement agreement. Rather, the explicit language of the agreement controls, and Gonda released TPMG and its agents and related companies and facilities—including the TPMG Plan—"of and from any and all claims, charges, demands, actions, obligations, liabilities, and causes of

3

action . . . which Dr. Gonda now owns or holds or has at any time owned or held arising under . . . the Employee Retirement Income Security Act."

Gonda's estoppel claim fails for similar reasons. Gonda, TPMG, and the TPMG Plan *jointly* requested the district court to stay the action pending the administrative appeals. By doing so, Defendants-Appellees did not admit Gonda had a viable ERISA claim or abandon their rights to raise the settlement agreement as a defense should the parties return to litigate in the district court; rather, they simply allowed Gonda to exhaust the administrative process. Gonda was not induced to pursue the administrative appeals based on any such representation, nor did he change his position "in reliance on [Defendants-Appellees'] position. Thus, estoppel principles do not apply." *Simmons v. Ghaderi*, 187 P.3d 934, 943 (Cal. 2008).

Finally, the record clearly shows that Gonda knowingly and voluntarily signed the settlement agreement and that it was supported by consideration. *Morais v. Cent. Beverage Corp. Union Emps.' Supplemental Ret. Plan*, 167 F.3d 709, 713, 713 n.6 (1st Cir. 1999); *see also Washington v. Bert Bell/Pete Rozelle NFL Ret. Plan*, 504 F.3d 818, 824–25 (9th Cir. 2007). Gonda is highly educated, was given 21 days to review the settlement agreement, and was ably represented by legal counsel. *See Morais*, 167 F.3d at 713 n.6. Gonda has also failed to produce any evidence that Defendants-Appellees engaged in improper conduct or

4

otherwise failed to communicate to him the material facts of the settlement. *See Washington*, 504 F.3d at 823–24. The settlement agreement was therefore enforceable in barring Gonda's ERISA action, and the district court properly relied on his release in granting summary judgment to Defendants-Appellees.

Each party shall bear its own costs.

**AFFIRMED.**